**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
Civil Action No.: 5:22-cv-336

| | |
|---|---|
| AMANDA MORRIS AND JOSHUA MORRIS, *individually and on behalf of themselves and all others similarly situated*, Plaintiffs<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, LLC, RALEIGH REALTY INC. (F/K/A Raleigh Realty, LLC),<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiffs Amanda Morris and Joshua Morris, individually and on behalf of all others similarly situated, file this Class Action Complaint (the "Complaint") against Defendants CrossCountry Mortgage, LLC and Raleigh Realty Inc. ("Defendants"), and state the following in support thereof:

**PRELIMINARY STATEMENT**

1. This action arises under the Real Estate Settlement Procedures Act ("RESPA") and has been commenced on behalf of a class consisting of all persons who: (a) obtained a federally related mortgage from CrossCountry Mortgage within one year prior to the commencement of this action; and (b) utilized a buyer's agent, realtor, or broker, including but not limited to Defendant Raleigh Realty Inc., that accepted any form of "kickback" or "fee split" for referring their client to CrossCountry Mortgage in connection with a transaction involving federally related mortgage loans due to such referral.

2. In violation of RESPA, 12 U.S.C. §2607, which prohibits "kickbacks" and other "unearned

1

fees," Defendants have systematically and unlawfully given and/or accepted fees, kickbacks, and/or things of value pursuant to an agreement or understanding with respect to the referral of clients to CrossCountry Mortgage for services related to real estate settlement services involving federally related mortgage loans.

3. Specifically, upon information and belief, as part of an agreement or understanding to obtain residential mortgage and origination business, CrossCountry Mortgage has paid recurring kickback and/or business referral payments disguised payments for legitimate services to one or more North Carolina realty companies, including Raleigh Realty.

4. "Kickbacks harm consumers by hampering fair market competition and by unnecessarily increasing the costs of getting a mortgage." See *CFPB Takes Action Against Mortgage Kickbacks* CONSUMER FINANCIAL PROTECTION BUREAU, https://www.consumerfinance.gov/about-us/newsroom/cfpb-takes-action-against-mortgage-kickbacks/ (Jan. 16, 2014).

5. As a result of Defendants' illegal agreement and acts to carry it out, Plaintiffs and others similarly situated were unfairly and deceptively steered toward obtaining federally related mortgage loans from CrossCountry Mortgage and have been injured by the payment of unlawful closing fees and/or the payment of origination fees or interest rates in excess of what CrossCountry's competitors in the market would have charged.

## PARTIES

6. Plaintiffs Amanda Morris and Joshua Morris are a married couple that obtained a mortgage from CrossCountry Mortgage for the purchase of real estate located at 1413 Barber Mill Rd. Clayton, Johnston County, North Carolina 27576, which is their current primary residence.

7. Defendant CrossCountry Mortgage, LLC is a Delaware Corporation that provides mortgage lending and origination services to residential real estate buyers with a principal office

in Brecksville, Ohio.

8. Defendant Raleigh Realty Inc. f/k/a Raleigh Realty, LLC is a North Carolina residential real estate agency specializing in representing residential buyers and sellers.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331.

10. Venue is proper in the United States District Court, Eastern District of North Carolina pursuant to 28 U.S.C. § 1391, because Defendants maintain principal places of business in the District, conduct business in such District, and a substantial part of the events giving rise to the claims occurred in this District.

## ALLEGATIONS

11. Defendant Raleigh Realty employs more than 15 licensed real estate agents who represent homebuyers and help them navigate the real estate market, evaluate their options, negotiate purchases, and facilitate the logistics of closing on the sale of a property.

12. Plaintiffs Amanda Morris and Joshua Morris were clients of Raleigh Realty in 2021.

13. When a typical homebuyer is getting to the point where they make an offer on a desired property, they are often "pre-qualified" with one or more lenders.

14. Pre-qualification is a process where a prospective lender evaluates the financial status of potential homebuyers (customers) to estimate the loan value and monthly mortgage payment that the homebuyer could afford to pay based on their financial circumstances.

15. Early in their home search, in about February of 2021, Plaintiffs were prequalified with another lender at a 2.25% interest rate with a "Loan to Value Ratio" of 100%.

16. However, Raleigh Realty, their real estate agent advised them to switch to CrossCountry Mortgage for their loan origination.

17. The interest rate offered by CrossCountry Mortgage to Plaintiffs was 3.625%. and this rate was almost 1.5 points higher than what they were prequalified for,

18. The words and actions of Raleigh Realty, its owners and/or its agents had the effect of affirmatively influencing Plaintiffs' and Class Members' selection of a mortgage lender.

19. Under RESPA, mortgage lending and origination services are settlement services or business incident to or part of a settlement service.

20. Plaintiffs ultimately obtained a loan through CrossCountry Mortgage and their Deed of Trust on the 1413 Barber Mill Rd. property was recorded on August 31, 2021.

21. Plaintiffs were charged a $995.00 "origination fee" by CrossCountry Mortgage.

22. However, this fee, and any other amounts that Defendant CrossCountry Mortgage earned or will earn over the life of the loan, were and still are tainted by an unlawful kickback and/or referral fee arrangement that existed between Raleigh Realty, its owner Ryan Fitzgerald, and one or more mortgage brokers employed by Defendant CrossCountry Mortgage, including a broker named Corey Walker.

**An Unlawful Kickback and/or Business Referral Fee Arrangement Existed Between Raleigh Realty and CrossCountry Mortgage that Violated RESPA, 12 U.S.C. §2607**

23. Upon information and belief, one or more North Carolina branches of CrossCountry Mortgage have been paying thousands of dollars per month directly to Raleigh Realty and/or its owner, Ryan Fitzgerald as a kickback and/or referral fee.

24. In exchange for this referral fee from CrossCountry Mortgage, Raleigh Realty, through its owners and managers, strictly enforced a requirement upon its agents and brokers to exclusively

4

refer, steer, and otherwise direct all buyers represented by Raleigh Realty to CrossCountry Mortgage for lending services.

25. If Ryan Fitzgerald believed that any of the Raleigh Realty agents were deviating from the plan to exclusively refer clients to CrossCountry Mortgage for lending and origination services (for example, by recommending another lender) Mr. Fitzgerald would threaten to deprive those agents of future leads.

26. Because agents and realtors work exclusively on commissions, Mr. Fitzgerald's threats to stop giving agents leads was tantamount to a threat to terminate their employment.

27. Any money that Raleigh Realty accepted from CrossCountry Mortgage was a violation of RESPA § 2607(a) and/or (b) because (1) the money was paid for a business referral incident to the business of real estate closings and settlements and (2) Raleigh Realty did not actually provide any services that would support the charging of an additional fee not already provided for in the buyer's agent commission, which is the standard way that realtors and their agencies are compensated.

28. Because § 2607(a) and (b) each prohibit the <u>acceptance and giving</u> of any form of kickback or unearned fee with respect to a federally related mortgage loan, Raleigh Realty and CrossCountry Mortgage are liable to the Plaintiffs and others similarly situated in an amount equal to three times the amount of any charge paid for settlement services in violation of RESPA § 2607(a) or (b).

29. Upon information and belief, Raleigh Realty and CrossCountry Mortgage have acted pursuant to a common scheme and pursuant to standard procedures with respect to the violations of RESPA § 2607(a) and (b) such that the claims of the Plaintiffs are substantially identical to those of the class.

30. Upon information and belief, Raleigh Realty and CrossCountry Mortgage have uniformly engaged in a pattern and practice of giving or receiving unlawful referral fees in connection with

5

the origination of federally related mortgage loans during the one-year period preceding the commencement of this action such that joinder of all class members would be impractical.

31. However, CrossCountry Mortgage's scheme is not necessarily limited to its agreement or understanding with Raleigh Realty and Plaintiffs' class claims against CrossCountry Mortgage shall not be limited solely to buyers represented by Raleigh Realty.

## CLASS ALLEGATIONS

32. Plaintiffs, on behalf of themselves and the Class, allege and incorporate by reference the allegations in the preceding paragraphs.

33. Plaintiffs bring this action individually and on behalf of all other persons similarly situated pursuant to FRCP 23(A) and 23(B)(1), (2) and (3). A class action is appropriate and necessary in this instance because Defendants have engaged in conduct that violates RESPA on a widespread and systematic basis.

34. Plaintiffs represent a well-defined class of victimized consumers. The classes of persons that Plaintiffs represent are:

    a. **The CrossCountry Mortgage Class:** All persons that closed on a federally related mortgage loan with CrossCountry Mortgage in connection with the purchase of real estate in North Carolina during the one-year period preceding the commencement of this action for which CrossCountry Mortgage paid any form of kickback or business referral fee prohibited by RESPA.

    b. **The Raleigh Realty Sub-Class:** The Raleigh Realty Class: All persons that have used the services of Raleigh Realty in connection with the purchase of real estate in North Carolina and who obtained a federally related loan from CrossCountry Mortgage within the one-year period preceding the commencement of this action.

35. Excluded from the classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants has a controlling interest in Defendants and its legal representatives, assigns and successors;

and (c) all persons and entities who properly execute and file a timely request for exclusion from the classes.

36. Upon information and belief, each proposed class is composed of dozens, if not hundreds of borrowers geographically distributed throughout the state and the joinder of them in one action is impractical. The disposition of their claims in a class action will provide substantial benefits to both parties and the Court.

37. Each proposed class is easily ascertainable through Defendants' business records, and the class maintains a sufficient community of interest since the rights of each member were violated in a similar fashion based upon Defendants' uniform, unlawful practices.

38. Plaintiffs' claims are typical of members of the class as a whole because of the similarity, uniformity, and common purpose of Defendants' unlawful conduct.

39. Defendants utilize standard business practices in connection with the provision of services to the public, and it was through those standard business practices that Defendants violated RESPA.

40. Defendants are jointly and severally liable to Plaintiffs and the class members in an amount equal to three times the charge for settlement services paid to CrossCountry Mortgage.

41. Plaintiffs will fairly and adequately protect the members of the class.

42. A class action is superior to all other methods for the just, fair and efficient adjudication of this controversy since joinder of all class members is impractical.

43. The damages suffered by the individual class members are not sufficient to justify the cost associated with prosecuting this type of litigation.

44. The expense and burden posed by such individual litigation makes it impractical for the class members to individually redress the wrongs done to them, nor would such an individual case be adequate to ensure that the unlawful practices cease to harm others.

45. There will be no difficulty in the management of this class action as the claims arise from Defendants' standard business practices.

46. Common questions of law and fact exist as to all members of the class, and these common issues predominate over any questions that go particularly to any individual member of the class. Among such common questions of law and fact are the following:

   a. Whether Defendants violated 12 U.S.C. §2607 by providing or accepting fees, kickbacks, or any other thing of value pursuant to an agreement or understanding that business incident to or part of a real estate settlement service.

   b. Whether Defendants violated 12 U.S.C. §2607 by giving and accepting any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service other than for services actually performed; and

   c. Whether Defendants are jointly and severally liable to Plaintiffs and the class members in an amount equal to three times the amount of any charge for settlement services paid to CrossCountry Mortgage.

**CAUSE OF ACTION**
**Violation of Real Estate Settlement Procedures Act**
**12 U.S.C. § 2607**

47. Plaintiffs, on behalf of themselves and the Class, allege and incorporate by reference the allegations in the preceding paragraphs.

48. In or around May of 2021, Plaintiffs entered into a Residential Purchase Agreement to purchase a home in North Carolina.

49. At all relevant times, Plaintiffs were represented by an agent of Raleigh Realty.

50. Raleigh Realty directed, steered, and affirmatively influenced the Plaintiffs selection of a real estate settlement service provider, specifically, CrossCountry Mortgage, LLC.

51. Each Defendant is a provider of "settlement services" as that term is defined in the RESPA and the implementing regulations.

52. Defendants had an agreement and understanding that Raleigh Realty's agents would exclusively refer their homebuyer clients to a CrossCountry Mortgage broker for mortgage and loan origination services.

53. In exchange for this business referral arrangement, CrossCountry Mortgage would give Raleigh Realty payments, which exceeded thousands of dollars per month.

54. From Cross-County Mortgage's perspective, the benefit of this arrangement was a stable and regular supply of persons currently in need of a residential loan to purchase a home.

55. By utilizing an unlawful kickback/business referral arrangement with Raleigh Realty (and any other realtors), CrossCountry Mortgage unfairly competed with other mortgage companies that complied with federal laws prohibiting kickbacks.

56. Upon information and belief, Cross County Mortgage maintains similar arrangements with other realty companies throughout the state.

57. From Raleigh Realty's perspective, particularly the owner Ryan Fitzgerald, the payments from CrossCountry Mortgage were "gravy" because the standard buyers' agent commission was already paid at closing to Raleigh Realty. In other words, the payments from CrossCountry Mortgage to Raleigh Realty were not for settlement services actually performed by Raleigh Realty or any of its agents.

58. The aforementioned arrangement and payments were intentional, unlawful, and expressly

9

violate the RESPA.

59. Defendants are jointly and severally liable to Plaintiffs and the class members in an amount equal to three times the amount of any charge for settlement services paid by them, together with the costs of this action and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated, pray for the following relief:

a. Certify this action pursuant to FRCP 23, appointing Plaintiffs as class representatives and appointing the undersigned as Class Counsel;

b. Adjudging that Defendant Raleigh Realty Inc. and CrossCountry Mortgage each violated the RESPA and awarding Plaintiffs and class members all damages permitted by RESPA, including treble and statutory damages where applicable;

c. Awarding Plaintiffs attorneys' fees pursuant to RESPA and FRCP 23;

d. That the costs of this action be taxed to Defendants;

e. For a trial by jury on all issues so triable;

f. For such other and further relief as the Court deems just and proper.

Date: August 25, 2022

**MAGINNIS HOWARD**

*/s/ Garrett L. Davis*

**EDWARD H. MAGINNIS**
N.C. State Bar No. 39317
**ASA C. EDWARDS, IV**
N.C. State Bar. No. 46000
**GARRETT L. DAVIS**
N.C. State Bar No. 52605

7706 Six Forks Rd. Ste 101
Raleigh, North Carolina 27615
Tel: (919) 524-0540
Fax: (919) 882-8763
emaginnis@maginnishoward.com
aedwards@maginnishoward.com
gdavis@maginnishoward.com

*Counsel for Plaintiffs*