IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-336-BO

| | |
|---|---|
| AMANDA MORRIS et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CROSSCOUNTRY MORTGAGE, LLC; | ) |
| RALEIGH REALTY, INC. (f/k/a Raleigh | ) |
| Realty, LLC), | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the motion [DE-28] by defendant CrossCountry Mortgage, LLC ("CrossCountry") and defendant Raleigh Realty, Inc. ("Raleigh Realty") (collectively "defendants") for a temporary stay of discovery in this matter until the court has ruled on defendants' respective motions to dismiss[1] plaintiffs' complaint. Defendants filed a memorandum in support of their motion to stay discovery. [DE-29]. Plaintiffs filed a memorandum in opposition to defendants' motion to stay discovery. [DE-33].

"Rule 26(c) of the Federal Rules of Civil Procedure permits a court, on motion by '[a] party or person from whom discovery is sought[,] . . . [to], for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (alterations in original) (quoting Fed. R. Civ. P. 26(c)). "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp. v. Growth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). And,

---

[1] CrossCountry and Raleigh Realty have each filed a motion to dismiss plaintiff's complaint. *See* [DE-11, -26].

"whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Constr., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (citation omitted). "The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions." *Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) (citing *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004), *cert. denied*, 543 U.S. 819 (2004)).

In exercising its judgment, the court must weigh the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley*, 270 F. Supp. 2d at 735). However, "[c]ourts should not stay discovery where discovery is still necessary to gather facts to defend against a dispositive motion." *Nat'l Coatings & Supply, Inc.*, 2020 WL 9813550, at *1 (citing *Remy*, 2019 WL 7631113, at *2)).

Defendants assert that a stay of discovery is appropriate for two primary reasons: (1) the pending motions to dismiss, if granted, would terminate all of the claims in the case, and discovery is not needed to resolve issues raised in defendants' motions; and (2) plaintiffs cannot credibly

2

claim that relevant documents or testimony may be at risk of being lost from any short delay. [D.E. 28] at 1.

Plaintiffs argue against a stay of discovery, because: (1) the motions to dismiss would not fully resolve the litigation; (2) defendants fail to demonstrate that their motions to dismiss are likely to be granted; (3) that discovery will be required regarding issues raised in the motions to dismiss; and (4) delays in the commencement of discovery will prejudice plaintiffs. [D.E. 33] at 5-8.

Here, a balancing of the relevant factors articulated in *Yongo* weighs in favor of granting the motion to stay. First, defendants' motions to dismiss, if granted, would dispose of all claims in this case. Second, while it is an open question whether the court will grant the motions to dismiss, defendants have made plausible arguments in support of their motions. Third, "the motion to dismiss tests the legal sufficiency of [plaintiffs' c]omplaint," *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *2 (E.D.N.C. Oct. 15, 2020) and the parties have not shown that there is a "need for discovery before the court rules on the motions." *Remy*, 2019 WL 7631113, at *2.

Finally, if the motions to dismiss are granted, the time and resources devoted to discovery will have been wasted. On the other hand, given the legal holds that defendants have issued ([D.E. 29] at 4), it is unlikely that delaying discovery will prejudice plaintiffs' ability to pursue their claims if the motions to dismiss are denied.

Accordingly, for good cause shown, defendants' motion to stay discovery [DE-28] pending the court's ruling on defendants' respective motions to dismiss is GRANTED and discovery is STAYED pending the resolution of defendants' motions to dismiss. All parties in the above

3

captioned matter are DIRECTED to submit a new proposed discovery plan no later than fourteen (14) days after the court rules on both of defendants' motions to dismiss, if one or more claims remain in this court.

SO ORDERED, the 16th day of March, 2023.

_____
Brian S. Meyers
United States Magistrate Judge