IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 5:22-cv-00336-BO-BM

AMANDA MORRIS AND JOSHUA MORRIS, *individually and on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.

CROSSCOUNTRY MORTGAGE, LLC, RALEIGH REALTY INC. (F/K/A Raleigh Realty, LLC),

    Defendants.

**CONSENT PROTECTIVE ORDER**

WHEREAS, Amanda Morris; Joshua Morris; CrossCountry Mortgage, LLC; and Raleigh Realty Inc. (together, the "Parties," and each individually a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any Party or non-party subject to a discovery request, subpoena, or other legal process served in this civil action (the "Action") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client and that the information is proprietary, a trade secret, or otherwise sensitive non-public information, financial records, account numbers, loan numbers, tax and employer identification numbers, and tax records. Information and documents designated as confidential (the "Confidential Information") will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by each Party (or non-party, if applicable) receiving such information solely for use in connection with this Action.

3. In the event a Party challenges a designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Consent Protective Order constitutes an admission by any Party that Confidential Information disclosed in this Action is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" may be disclosed to only the following persons:

    a. The Parties, including employees and officers of the corporate Parties who are assisting counsel in the prosecution or defense of this Action;

    b. Counsel for the Parties, including in-house counsel of corporate parties and regular employees of such counsel whose functions are necessary to the prosecution or defense of this Action;

    c. Consultants or experts assisting in the prosecution or defense of the Action, to the extent deemed necessary by counsel;

    d. A deponent, witness, or potential witness whom a Party or a Party's counsel in good faith believes may have information relevant to this Action, not covered under Section 4(a), where the Confidential Information is related to the questions asked to or the testimony of such deponent or witness;

    e. Counsel for a non-party witness or deponent;

    f. The Court (including the mediator or other person having access to any Confidential Information by virtue of their position with the Court);

    g. Court reporters; and

    h. Outside vendors for the purpose of scanning, copying, or similar functions, but only for the limited time during which such functions are being performed.

5. Prior to disclosing or displaying the Confidential Information to any person described in Paragraph 4(c), counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by them for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form of Exhibit A, attached hereto, and retain a copy of that signed agreement for service upon counsel for the producing Party shall good cause require service of same.

6. Nothing in this Order shall prohibit disclosure of a document which has been designated Confidential Information to the author of such document or any person(s) who received such document.

7. The inadvertent disclosure of a document or information without designating it as "CONFIDENTIAL" shall not, in itself, constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Consent Protective Order.

8. The producing Party may redact non-responsive confidential information that constitutes personally identifiable information (*i.e.*, Social Security numbers) or personal financial information (*i.e.*, sensitive banking information).

9. The producing Party may redact information based on privilege. Any such redactions must be logged and disclosed in a manner consistent with the requirements of Fed. R. Civ. P. 26(b)(5).

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

    a. Pursuant to the Electronic Case Filing Administrative Policies and Procedures Manual, except for motions filed under seal in accordance with Section V.G.1.(f), each time a Party seeks to file under seal, the Party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing Party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing Party must submit a supporting memorandum that specifies:

        (i) The exact document or item, or portions thereof, for which the filing under seal is requested;

        (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

        (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

        (iv) The reasons why alternatives to sealing are inadequate; and

- 3 -

(v) Whether there is consent to the motion.

12. In the event that an additional Party joins or is joined in this Action, it shall not have access to Confidential Information until the newly joined Party has executed and filed with the Court its agreement to be fully bound by this Consent Protective Order.

13. Non-parties who are the subject of subpoenas or depositions in this Action may take advantage of the provisions of this Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Consent Protective Order.

14. At the conclusion of the Action, and upon request by the Producing Party, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

16. This Consent Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

SO ORDERED:

DATED: __Aug 5__, 2024

_/s/ Terrence Boyle_
HON. TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

| MAGINNIS HOWARD | WILLKIE FARR & GALLAGHER |
|---|---|
| /s/ *Edward H. Maginnis* | /s/ *Debra Bogo-Ernst* |
| Edward H. Maginnis | Debra Bogo-Ernst |
| N.C. State Bar No. 39317 | Illinois License No. 6271962 |
| 7706 Six Forks Road, Suite 101 | Joseph Mario G. Buccilli |
| Raleigh, North Carolina 27615 | Illinois License No. 6338768 |
| Tel: 919-526-0450 | Nathan Pflaum |
| Fax: 919-882-8763 | Illinois License No. 6346439 |
| emaginnis@carolinalaw.com | 300 North LaSalle Drive |
| | Chicago, IL 60654 |

*Counsel for Plaintiffs*

Tel: (312) 728-9062
Fax: (312) 728-9199
DErnst@willkie.com
JBuccilli@willkie.com
NPflaum@willkie.com

*Lead Counsel for Defendant CrossCountry Mortgage, LLC by Special Appearance Pursuant to Local Rule 83.1(e)*

/s/ *Mary K. Mandeville*
Mary K. Mandeville
**ALEXANDER RICKS PLLC**
1420 E. 7th Street, Suite 100
Charlotte, NC 28204
Tel: (704) 200-2635
Fax: (704) 365-3676
Mary@alexanderricks.com
N.C. State Bar No. 15959

*Local Civil Rule 83.1(d) Counsel for Defendant CrossCountry Mortgage, LLC*

**PARRY LAW, PLLC**

*Counsel for Defendant Raleigh Realty, Inc.*

/s/ *Jonah A. Garson*
K. Alan Parry
N.C. State Bar No. 31343
Jonah A. Garson
N.C. State Bar No. 55547
100 Europa Drive, Suite 351
Chapel Hill, NC 27517
Telephone: (919) 913-3320
Fax: (919) 869-2600
E-mail: kap@parryfirm.com
E-mail: jag@parryfirm.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 5:22-cv-00336-BO-BM

AMANDA MORRIS AND JOSHUA MORRIS, *individually and on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

CROSSCOUNTRY MORTGAGE, LLC, RALEIGH REALTY INC. (F/K/A Raleigh Realty, LLC),

Defendants.

**CONFIDENTIALITY ACKNOWLEDGEMENT**

1. I have been given a copy of the Consent Protective Order ("Protective Order") in the above referenced action (the "Action"), and I have carefully read the Protective Order.

2. I understand and am familiar with the terms of the Protective Order, and I agree to be bound by the terms of the Protective Order. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information.

3. Upon request, I will either return or certify as destroyed all Confidential Information provided to me in this Action within thirty (30) days after the conclusion of the Action, upon entry of final judgment no longer subject to appeal.

4. I submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcement and resolution of any issues arising under the Protective Order in this Action.

5. If I fail to abide by the terms of this Confidentiality Acknowledgement or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages.

DATED: _____, 202__          _____
                                                Signature

                                        _____
                                                Printed Name

- 7 -

Case 5:22-cv-00336-BO-BM   Document 64   Filed 08/06/24   Page 7 of 7